#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANA VARONE,** | ) |
| Plaintiff | ) CIVIL ACTION NO.: |
| | ) 3:15-cv-00304-EMK |
| vs. | ) JURY TRIAL DEMANDED |
| **GREAT WOLF LODGE OF THE POCONOS, LLC; GREAT WOLF RESORTS, INC.; GREAT LAKES SERVICES LLC; GREAT WOLF LODGE; REAT WOLF RESORTS; GREAT WOLF RESORTS, INC.** | ) Judge Kosik |
| Defendants | ) *ELECTRONICALLY FILED* |

### FIRST AMENDED COMPLAINT

Plaintiff, DANA VARONE, a resident of Monroe County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, GREAT WOLF LODGE OF THE POCONOS, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans With Disabilities Act, as amended, 42

U.S.C. §12101 *et seq.* (the "ADA"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e *et seq.*(the "PDA"), and 28 U.S.C. §§1331, 1343 and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## **THE PARTIES**

3. Plaintiff, Dana Varone, is an adult individual residing at 236 Linda Street, East Stroudsburg, Monroe County, Pennsylvania 18301.

4. At all times relevant and material hereto, Plaintiff was disabled as defined by the ADA and the PDA.

5. Documents provided to Plaintiff during the course of her employment made it difficult for Plaintiff to determine her actual employer.

6. Federal W-2 forms provided to her initially indicated that her employer was Great Wolf Resorts, Inc.

7. At a later date Federal W-2 documents listed her employer as Great Lakes Services LLC.

8. An earnings statement provided to Plaintiff during the same period of time claimed that her employer was Great Wolf Lodge.

9. Insurance documents also provided to Plaintiff state that her employer was Great Wolf Resorts, Inc. and the document provided to Plaintiff when she was terminated was headed Great Wolf Resorts.

10. In addition, Plaintiff received a document entitled "Pack Member Handbook" that stated that it was supplied by Great Lakes Services, LLC, which is a Great Wolf Resorts, Inc., company.

11. All of the above named entities are part of a resort doing business as Great Wolf Lodge from a business address of 100 Great Wolf Drive, Scotrun, Monroe County, Pennsylvania 18355.

12. At all times relevant and material hereto, Great Lakes Services, LLC, Great Wolf Lodge, Great Wolf Resorts, Inc., Great Wolf Resorts and Great Wolf Lodge of the Poconos, LLC (collectively referred to herein as "Great Wolf" or "Defendant") operated a business providing massage therapy and other services, and are an employer as defined by the ADA.

## ADMINISTRATIVE PROCEEDINGS

13. On or about October 3, 2013, Ms. Varone filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2014-00194. The EEOC referred the matter to the Pennsylvania Human Relations Commission ("PHRC") for the purposes of dual filing, and the PHRC docketed Ms. Varone's claim as case number 2014-00745.

14. Ms. Varone was advised of her right to sue in federal court, which notice was received on or about December 8, 2014, and filed her original Complaint (Doc. 1) on February 11, 2015.

15. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

16. On or about October 10, 2005, Plaintiff was hired by Great Wolf as an Aveda Advisor and a massage therapist.

17. Plaintiff worked her full schedule of appointments as required by Great Wolf from the time of her hire until on or about November 13, 2012.

18. On or about November 13, 2012, Plaintiff presented Defendant with a letter from Plaintiff's physician indicating that she would be unable to work for an indeterminate period of time due to the fact that she was pregnant and there were complications with the pregnancy.

19. As a result of the letter from her physician, Plaintiff was approved for leave by Great Wolf under the Family and Medical Leave Act, through February 4, 2013.

20. On or about December 13, 2012, Plaintiff returned to work as the result of an updated letter from her physician indicating that the complications had been resolved and authorizing her to return to work without restriction.

21. On or about February 1, 2013, Plaintiff presented Great Wolf with a letter from her physician indicating that Plaintiff's pregnancy would at that time require that she be permitted short rest periods between massages of approximately ten (10) minutes each.

22. Plaintiff's employment as a massage therapist required her to stand for long periods of time and caused pain and cramping in her legs, along with cramping and pains throughout her stomach and chest.

23. Great Wolf permitted Plaintiff to take some, but not all, of the required rest periods from the time of her request until on or about April 3, 2013.

24. Great Wolf's refusal to permit all of the required rest periods caused Plaintiff to suffer from stress and anxiety, fearing for the health of her baby.

25. Plaintiff's physician prescribed medication for her anxiety caused by Great Wolf's failure to permit the required rest periods.

26. Fear that medication could affect her baby caused Plaintiff to suffer even greater fear and anxiety.

27. On or about April 3, 2013, Great Wolf removed Plaintiff entirely from their schedule of massages, indicating that could no longer accommodate the rest periods required by her pregnancy.

28. On or about April 16, 2013, Plaintiff provided Great Wolf with an updated letter from her physician stating the pregnancy required the continuation of the rest periods between massages.

29. On or about April 17, 2013, Great Wolf indicated that it would no longer accommodate Plaintiff's condition and formally terminated Plaintiff.

30. Plaintiff gave birth to a son on June 7, 2013.

31. Great Wolf routinely accommodates other employees' medical conditions that require similar accommodation to that requested by Plaintiff.

32. Great Wolf treated Plaintiff's pregnancy differently than it treated other employees who were temporarily disabled as a result of medical conditions.

33. Great Wolf discriminated against Plaintiff based on her pregnancy in violation of Plaintiff's rights under the ADA, the PDA and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. §951, *et, seq.*

## COUNT I
### Discrimination and Failure to Provide Reasonable Accommodation Pursuant to the Americans With Disabilities Act

34. The averments of Paragraphs 1 through 33 above are incorporated by reference as though fully set forth herein.

35. Ms. Varone is within the protective class of individuals as designated by the ADA.

36. Ms. Varone is a qualified individual with a disability.

37. Ms. Varone's disability substantially limits her ability to perform major life activities, including her ability to lift, stoop, walk, turn, think, concentrate, bend, care of herself, sit and stand for long periods of time, and relate to others.

38. Ms. Varone was able to perform the essential functions of her job with a reasonable accommodation.

39. Great Wolf violated the ADA and committed illegal discrimination by failing to afford Ms. Varone a reasonable accommodation and by refusing to allow Ms. Varone to return to work because of her disability.

40. Great Wolf further violated the ADA by failing to engage in a flexible interactive process with Ms. Varone to determine if an alternate accommodation was appropriate. As a result, Ms. Varone was terminated.

41. The illegal discrimination is based in whole or in part upon Ms. Varone's disability.

42. As a direct and proximate result of the conduct of Great Wolf in violating the ADA in discriminating against Ms. Varone on the basis of her disability, Ms. Varone has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Ms. Varone demands that the Court declare the conduct engaged in by Great Wolf to be in violation of Ms. Varone's rights under the Americans With Disabilities Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

## COUNT II
**Discrimination Pursuant to the Pregnancy Discrimination Act**

43.     Paragraphs 1 through 42 above are incorporated herein by reference as if more fully set forth at length.

44.     Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a).

45.     The Pregnancy Discrimination Act of 1978, amended Title VII to state that:

> The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work….

8

46. Ms. Varone is within the protective class of individuals as designed by the PDA.

47. Ms. Varone was able to perform the essential functions of her position with Great Wolf with a reasonable accommodation.

48. Ms. Varone was terminated by Great Wolf solely as a result of her pregnancy.

49. Great Wolf violated the PDA by failing to treat Ms. Varone the same as it did other employees not effected by pregnancy, but with similar abilities or inability to work.

50. As a direct and proximate result of the conduct of Great Wolf in violating the PDA in discriminating against Ms. Varone on the basis of her pregnancy, Ms. Varone has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Ms. Varone demands that the Court declare the conduct engaged in by Great Wolf to be in violation of Ms. Varone's rights under the Pregnancy Discrimination Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for

intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

## COUNT III
### PHRA Violations

51. Paragraphs 1 through 50 above are incorporated herein by reference as if more fully set forth at length.

52. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count III arises out of the same facts, events and circumstances as Count I and II, and therefore judicial economy and fairness to the party's dictates that this Count be brought in the same Complaint.

53. By discriminating against and failing to accommodate Ms. Varone on the basis of her disability, Great Wolf violated Ms. Varone's state rights under the PHRA, which prohibits discrimination and harassment based upon disability with respect to the continuation and tenure of employment.

54. As more fully set forth in Counts I and II, Ms. Varone has suffered directly and solely as a result of Great Wolf's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Ms. Varone respectfully prays that judgment be entered in her favor and against Great Wolf for all of the relief sought in Counts I and II, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

May 6, 2015
Date

/s/ Joel Weisberg_____
Joel Weisberg (PA Bar #: 12629)
jweisberg@mwcfirm.com
Larry A. Weisberg (PA Bar: #83410)
lweisberg@mwcfirm.com
2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*

11