UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

DANA VARONE,

         Plaintiff,

    v.

GREAT WOLF LODGE OF THE POCONOS, LLC; GREAT WOLF RESORTS, INC.; GREAT LAKES SERVICES, LLC; GREAT WOLF LODGE; GREAT WOLF RESORTS; GREAT WOLF RESORTS, INC.,

         Defendants.

_____

CIVIL ACTION NO. 3:15-CV-304

(Judge Kosik)

## **MEMORANDUM**

Before the court is Defendant's Motion to Dismiss (Doc. 16) Count I and Count III of Plaintiff's First Amended Complaint (Doc. 6), as well as Plaintiff's request for punitive damages and equitable relief. For the reasons which follow, the Defendant's Motion to Dismiss will be denied.

## BACKGROUND

Plaintiff, Dana Varone, filed a Complaint in the instant action on February 11, 2015. An Amended Complaint (Doc. 6) was filed on May 6, 2015. The Amended Complaint contains three Counts: Count I for discrimination and failure to accommodate during pregnancy under the Americans with Disabilities Act (ADA); Count II for violations of the Pregnancy Discrimination Act (PDA); and Count III for violations of the Pennsylvania Human Relations Act (PHRA)[1].

On July 7, 2015, Defendant filed a Motion to Dismiss (Doc. 16) and a Brief in Support thereof (Doc. 17). A Brief in Opposition (Doc. 19) was filed on July 8, 2015. A Reply Brief (Doc. 20) was filed on July 22, 2015.

---

[1] A Motion to Dismiss was filed on June 4, 2015. Following the filing of a Stipulation amending the named Defendants, a new Motion was filed.

STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the court must accept all allegations in the complaint as true, and view all factual disputes in favor of the plaintiff.  Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  A motion under Rule 12(b)(6) allows the defendant to raise the defense that the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief.  The complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted).  The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556.  Legal conclusions without factual support are not entitled to the assumption of truth.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

DISCUSSION

In her Amended Complaint, Plaintiff alleges that on or about October 10, 2005, she was hired by Defendant as an Aveda Advisor and a massage therapist. Plaintiff worked her full schedule of appointments as required by Defendant from the time of her hire until on or about November 13, 2012. On or about November 13, 2012, Plaintiff presented Defendant with a letter from Plaintiff's physician indicating that she would be unable to work for an indeterminate period of time due to the fact that she was pregnant and there were complications with the pregnancy. As a result of the letter from her physician, Plaintiff was approved for leave by Defendant under the Family and Medical Leave Act, through February 4, 2013. Plaintiff asserts that on or about December 13, 2012, Plaintiff returned to work as the result of an updated letter from her physician indicating that the complications had been resolved and authorizing her to return to work without restriction. On or about February 1, 2013, Plaintiff presented Defendant with a letter from her physician indicating that Plaintiff's pregnancy would at that time require that she be permitted short rest periods between massages of approximately ten (10) minutes each.

Plaintiff alleges that her employment as a massage therapist required her to stand for long periods of time and caused pain and cramping in her legs, along with cramping and pains throughout her stomach and chest. Defendant permitted Plaintiff to take some, but not all, of the required rest periods from the time of her request until on or about April 3, 2013. Plaintiff asserts that Defendant's refusal to permit all of the required rest periods caused Plaintiff to suffer from stress and anxiety, fearing for the health of her baby. Plaintiff's physician prescribed medication for her anxiety, but fear that medication could affect her baby caused Plaintiff to suffer even greater fear and anxiety.

Plaintiff alleges that on or about April 3, 2013, Defendant removed Plaintiff entirely from their schedule of massages, indicating that they could no longer accommodate the rest periods required by her pregnancy. On or about April 16, 2013, Plaintiff provided Defendant with an updated letter from her physician stating the pregnancy required the continuation of the rest periods between massages. On or about April 17, 2013, Defendant indicated that it would no longer accommodate Plaintiff's condition and formally terminated Plaintiff. Plaintiff gave birth to a son on June 7, 2013. Plaintiff alleges that Defendant routinely accommodates other employees' medical conditions that require similar accommodation to that requested by Plaintiff, and that Defendant treated Plaintiff's pregnancy differently than it treated other employees who were temporarily disabled as a result of medical conditions. Plaintiff alleges that Defendant discriminated against her based on her pregnancy in violation of her rights under the ADA, the PDA and the PHRA.

The first argument raised by Defendant in the Motion to Dismiss is that Counts I and III of the Amended Complaint should be dismissed because Plaintiff has failed to state facts sufficient to sustain a cause of action under the ADA. Specifically, Defendant argues that a temporary or non-permanent impairment is not a disability that substantially limits a major life activity, that Plaintiff does not provide facts to

support her conclusions, and that Plaintiff has failed to set forth sufficient allegations to establish that any complications arising out of her pregnancy rise to the level of a disability under the ADA.

In opposition to Defendant's argument, Plaintiff argues that Defendant fails to take into account the 2008 changes to the ADA, specifically, the ADAAA and the United States Supreme Court decision in Young v. United Parcel Services, Inc., _U.S._, 135 S.Ct. 1338 (2015).

While we agree with Defendant that Young supra. dealt predominately with the Pregnancy Discrimination Act, the Court did state in dicta that:

> We note that statutory changes made after the time of Young's pregnancy may limit the future significance of our interpretation of the [Pregnancy Discrimination] Act. In 2008, Congress expanded the definition of "disability" under the ADA to make clear that "physical or mental impairment[s] that substantially limi[t]" an individual's ability to lift, stand, or bend are ADA-covered disabilities. ADA Amendments Act of 2008 [ADAAA], 122 Stat. 3555, codified at 42 U.S.C. §§ 12102(1)-(2). As interpreted by the EEOC, the new statutory definition requires employers to accommodate employees whose temporary lifting restrictions originate off the job. See 29 CFR pt. 1630, App., §1630.2(j)(1)(ix). We express no view on these statutory and regulatory changes. Young, _U.S._, _, 135 S.Ct. at 1348.

Moreover, the ADA Amendments of 2008 (ADAAA) broadened the definition of disability to include broad coverage of individuals to the maximum extent permitted by the ADA's terms. The EEOC's revised regulations state that a pregnancy related impairment that substantially limits a major life activity is a disability. 29 C.F.R. Pt. 1630, App. §1630.2(h) (effective May 24, 2011). Additionally, guidelines set out by the EEOC following the passage of the ADAAA state that although pregnancy is not an impairment within the meaning of the ADA and is never a disability on its own, some pregnant workers may have impairments related to their pregnancies that qualify as disabilities under the ADA, as amended. See, Bray v. Town of Wake Forest, 2015 WL 1534515 (E.D.N.C., April 6, 2015).

Finally, we have reviewed the cases cited by Defendant and note that in Kelly

v. Horizon Med. Corp., 2014 WL 1293859 (M.D. Pa, March 31, 2014), the matter was decided on a Motion for Summary Judgment, discussed the temporary nature of pregnancy, and raised issues of infertility.  In Oliver v. Scranton Materials, Inc., 2015 WL 1003981 (M.D. Pa., March 5, 2015), which was decided on a Motion to Dismiss, the Complaint makes vague references to pregnancy-related complications, and while the court granted the Motion to Dismiss, it allowed the Plaintiff an opportunity to amend.

In the First Amended Complaint, Plaintiff alleges that her job as a massage therapist required her to stand for long periods of time and caused pain and cramping in her legs, along with cramping and pain throughout her stomach and chest, that she suffered anxiety and stress, and that she was limited in her ability to perform major life activities, including her ability to lift, stop, walk, turn, think, concentrate, bend, care for herself, sit and stand for long periods of time and relate to others.  In light of the Amendments to the ADA, and the EEOC Guidelines, and in accepting the Plaintiff's allegations as true, and viewing them in the light most favorable to Plaintiff, we find that Plaintiff has sufficiently set forth a claim under the ADA[2].  Accordingly, we will deny Defendant's Motion to Dismiss Counts I and III.

Defendant also argues that Plaintiff has failed to state sufficient facts to sustain a request for punitive damages and for equitable relief.  We will deny the Defendant's Motion as to punitive damages and equitable relief at this time.  In accepting the allegations in Plaintiff's Amended Complaint as true, and viewing them in the light most favorable to Plaintiff, we believe Plaintiff is entitled to proceed on these claims at this stage of the proceedings.

---

[2]As Defendant points out, the ADA and PHRA are generally interpreted in the same way.  Thus, our findings as to the ADA apply to the PHRA as well.